IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COBBLESTONE HOTELS, LLC,

                    Plaintiff,

  v.                                                                   OPINION and ORDER

PLATTEVILLE LODGING WI, LLC, and                    24-cv-774-jdp
PARTH PATEL,

                    Defendants.

---

Plaintiff Cobblestone Hotels, LLC petitions for attorney fees, expenses, and costs resulting from defendants Platteville Lodging WI, LLC, and Parth Patel's breach of their franchise agreement with Cobblestone. Dkt. 30. Defendants did not oppose Cobblestone's petition. The court will grant Cobblestone's petition and award its requested $48,412.50 in attorney fees and $1,136.07 in costs and expenses, totaling $49,548.57. The parties contracted for such an award, and the court finds that the requested fees are commercially reasonable.

ANALYSIS

**A. Availability of attorney fee award**

The franchise agreement is governed by Wisconsin law. Dkt. 1, Ex. 4, at 40. Because the court exercises supplemental jurisdiction over Cobblestone's state law breach of contract claim, it must apply state substantive law on this issue. *See Felder v. Casey*, 487 U.S. 131, 151 (1988); *Sumrall v. LeSea, Inc.*, 104 F.4th 622, 629 (7th Cir. 2024). So Wisconsin law governs the availability of Cobblestone's requested attorney fees, expenses, and costs.

Under Wisconsin law, parties may contract for the award of attorney fees. *Est. of Kriefall v. Sizzler USA Franchise, Inc.*, 2012 WI 70, ¶ 72, 342 Wis. 2d 29, 816 N.W.2d 853. The parties'

franchise agreement includes two fee-shifting provisions. *See* Dkt. 1, Ex. 4, at 29, 39. Both provisions require defendants to reimburse Cobblestone for "any and all" costs and expenses, including reasonable attorney fees, resulting from defendants' breach of the franchise agreement. *See id.*

### B. Reasonableness of attorney fees

Wisconsin law governs the availability of attorney fees. But federal law governs the court's determination of the reasonableness of the fees. *See Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). Whether to award attorney fees and expenses, and how much, is within this court's discretion. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005).

When, as here, the parties agree to fee-shifting, "[t]here is less need to police the reasonableness of fees shifted . . . because the parties to a contract expressly consent to and define the terms of the fee shifting." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013). Reimbursement is required when fees are commercially reasonable. *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518, 520–21 (7th Cir. 1999). The commercially reasonable standard requires courts to examine the aggregate costs of the party seeking fees to ensure they are reasonable considering the stakes of the case and that party's litigation strategy. *See id.* at 521.

When Cobblestone filed this lawsuit in October 2024, it did not know that it was going to succeed. In April 2025, this court granted Cobblestone's motion for default judgment, awarding it $192,370.61 in compensatory damages. Dkt. 23, at 2. To achieve this result, Cobblestone paid its attorneys about $41,000 in attorney fees. *See* Dkt. 30, at 3–4; Dkt. 35. After this court granted Cobblestone's motion for default judgment, Cobblestone

paid its attorneys about $7,000 to enforce this court's permanent injunction and seek attorney fees, expenses and costs. *See* Dkt. 30, at 3–4; Dkt. 35.

Cobblestone's willingness to pay its attorneys' bills is strong evidence of commercial reasonableness. *See Balcor Real Est. Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996); *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 572 (7th Cir. 2011). Defendants did not oppose Cobblestone's petition and have provided no evidence calling into question Cobblestone's payment of its bills. Cobblestone's requested fees, costs, and expenses are reasonable in light of the stakes of this case. There is no evidence that Cobblestone's attorneys incurred expenses because defendants might be responsible for paying the tab. *See Medcom Holding Co.*, 200 F.3d at 521. The court finds Cobblestone's requested fees, costs, and expenses to be commercially reasonable.

ORDER

IT IS ORDERED that:

1. Plaintiff Cobblestone Hotels, LLC's petition for attorney fees, expenses, and costs, Dkt. 30, is GRANTED.

2. As a result, Cobblestone is AWARDED $48,412.50 in attorney fees and $1,136.07 in costs and expenses, totaling $49,548.57.

3. The clerk of court is directed to amend defendants' judgment, Dkt. 28, accordingly.

Entered October 6, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge